```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
          STATESVILLE DIVISION
             5:05CV213-V-02
              (5:03CR6-V)
```

| | |
|---|---|
| **BAXTER SMITH JAMES,**     ) | |
|     **Petitioner,**     ) | |
|                     ) | |
|     v.     ) | **ORDER** |
|                     ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     **Respondent.**     ) | |
| _____) | |

**THIS MATTER** comes before the Court the petitioner's "Motion To Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255, filed June 20, 2005.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

According to the record, on January 29, 2003, the petitioner was named in a Bill of Indictment which charged him (along with two others) with conspiracy to possess with intent to distribute at least 100 grams of methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One).

On July 23, 2003, the petitioner entered into a written Plea Agreement with the government by which he agreed to tender a guilty plea to the subject charge. To that end, on September 9, 2003, the Court held a Plea & Rule 11 Hearing, during which the petitioner tendered his guilty plea. At the conclusion of that Hearing, the Court conditionally accepted the petitioner's plea.

Thereafter, on December 6, 2004, the Court conducted a Factual Basis & Sentencing Hearing in this matter. After hearing from counsel for the parties, the Court announced its sentence. In particular, the Court announced a sentence of 70 months imprisonment under the U.S. Sentencing Guidelines. In addition, however, the Court announced an "alternative, provisional" sentence of 18 months imprisonment. The Court explained that such provisional sentence was premised upon "the same reasons as those articulated with respect to the Guidelines sentence, including the relevant factors within 18 U.S.C. §3553." The Court further explained that it was announcing the provisional sentence "[i]n light of the Supreme Court's decision in Blakely v. Washington 542 U.S. 296, (2004),[1] and as expressly directed by the Fourth Circuit Court of Appeals . . . [in] United States v. Hammoud, 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc)." The Judgment form evidencing the petitioner's conviction and sentence was filed on January 6, 2005.

On January 12, 2005, the U.S. Supreme Court announced its decision in United States v. Booker/Fanfan, 125 S.Ct. 738 (2005). As was anticipated by many, in Booker/Fanfan, the Supreme Court announced both that its ruling in Blakely was applicable to

---

[1] In Blakely, the Supreme Court invalidated a State court's practice of using judge-made findings in the calculation of defendants' sentences, and expressly held that for Apprendi purposes, the statutory maximum term is the "maximum sentence the judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

2

federal cases and, equally critically, that the mandatory provisions of the Guidelines are invalid to the extent they permit judges to rely upon uncharged, judge-found facts in the calculation of defendants' sentences.

Notwithstanding such a significant decision, the petitioner's former trial counsel did <u>not</u> file a direct appeal in order to ensure that the Court's provisional sentence would take effect. Thus, on April 7, 2005, the petitioner wrote to the Court and asked that the Court enter an order to clarify the fact that his 18-month sentence was to have immediately taken effect upon the announcement of the <u>Booker/Fanfan</u> decision. In the alternative, the petitioner asked the Court to issue an amended Judgment which would state only the 18-month provisional sentence as his actual sentence. In response, the undersigned's law clerk wrote the petitioner and informed him, while the Court could not provide him with any legal advice, that he should consider filing a motion to vacate in which he could raise a claim of ineffective assistance of counsel due to his attorney's failure to appeal his sentence.

Accordingly, on June 20, 2005, the petitioner filed the instant Motion to Vacate, essentially seeking to activate the 18-month provisional sentence which the Court previously announced. Now, after having reviewed that Motion along with the petitioner's letter of inquiry, and the relevant legal precedent, the

Court concludes, out of an abundance of caution, that such Motion to Vacate should be granted, but only for the purpose of allowing the petitioner to pursue a direct appeal of his sentence.

## II. ANALYSIS

The petitioner's documents, liberally construed, set forth a claim that counsel failed to consult with him concerning his desires about an appeal; and that the petitioner actually did want to pursue an appeal of his sentence. As such, the petitioner's claims are controlled by the United States Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000).

In Roe, the Supreme Court stated that although there is no per se requirement that counsel do so, "the better practice is for counsel routinely to consult with the defendant about an appeal." Id. at 479. In this instance, consult means to advise the defendant of the advantages and disadvantages of an appeal and to make "a reasonable effort to discover the defendant's wishes." Id. at 477-78.

Thus, in cases where the defendant has neither asked counsel to appeal nor directed counsel not to appeal, and counsel has not consulted with the defendant regarding his appellate rights, counsel's failure to consult will be deemed deficient in either of two circumstances. That is, counsel's failure to consult will be deemed deficient "when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2)

4

that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. The Supreme Court further stated that in making this determination, a court must consider all relevant factors which are before it.

In the instant case, the record reflects that the Court announced a 70-month sentence under the Guidelines, and a drastically lower 18-month alternative, provisional sentence. As reflected on the Judgment form, the Court's alternative sentence was imposed "in the event the Federal Sentencing Guidelines are ultimately invalidated by final action of the U.S. Supreme Court . . . ." Thus, inasmuch as the Booker/Fanfan decision did, in fact, invalidate the use of the Sentencing Guidelines under the circumstances which were here employed in the calculation of the petitioner's 70-month sentence, former defense counsel had reason to know that the petitioner would have wanted to take whatever measures were necessary, including the pursuit of an appeal, in order to obtain the lower sentence. Unfortunately, however, counsel did not discuss this option with the petitioner; therefore, the petitioner never was afforded an opportunity to express his desire for an appeal.

In deference to former counsel, the Court believes it is likely that counsel presumed that the petitioner's 18-month provisional sentence would be self-executing based upon the Booker/Fanfan decision. However, in the absence of some legal

5

precedent to support that proposition, counsel's incorrect presumption was quite costly to his client. In any event, on this record, the Court has no choice but to find that defense counsel was deficient for having failed to consult with the petitioner regarding his appellate rights and options.

Moreover, based upon the foregoing, there also is a more than reasonable probability that but for counsels' failure to consult with the petitioner, the petitioner would have insisted upon the timely filing of an appeal in his case. Thus, the Court also must find that the petitioner has demonstrated that he was prejudiced by his attorneys' failure to consult with him about his appellate rights because counsel's failure resulted in the loss of his appeal.[2] Roe, 528 U.S. at 484.

Ultimately, in light of Roe, this Court concludes that the petitioner's Motion to Vacate must be granted. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. See Evitts v. Lucey, 469 U.S. 387 (1985) (finding the defendant entitled to a new appeal when counsel's failure to comply with mechanistic local court rules led to the dismissal of

---

[2] The Court is aware that the petitioner's Plea Agreement contained a waiver clause, precluding his ability to directly appeal his case. However, such provision does not excuse counsel's failure to discuss an appeal with the petitioner, particularly since the government might not have sought to enforce such waiver in order to ensure that the Court's intentions were realized, or the Court of Appeals might have found the waiver unenforceable for that same reason.

6

his first appeal). Thus, the Court will vacate its Judgment so that the petitioner may appeal his sentence.

### III. NOTICE OF APPELLATE RIGHTS

Mr. James, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later. The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

### IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motion to Vacate is **GRANTED**;

2. That the petitioner's original Judgment is **VACATED**;

3. That the Clerk is directed to prepare a new Judgment for the petitioner, imposing the same sentences and conditions as were imposed by the original Judgment form;

4. That the petitioner may appeal from his new Judgment as has been explained in this Order.

5. That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

**Signed: August 12, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge